STEPHEN M. HAYES (SBN 83583)
CHERIE M. SUTHERLAND (SBN 217992)
HAYES SCOTT BONINO ELLINGSON
GUSLANI SIMONSON & CLAUSE, LLP
999 Skyway Road, Suite 310
San Carlos, California 94070
Telephone: (650) 637-9100
Facsimile: (650) 637-8071

Attorneys for Defendant
INTEGON NATIONAL INSURANCE COMPANY

J. EDWARD KERLEY (SBN 175695)
DYLAN L. SCHAFFER (SBN 153612)
CHRISTOPHER R. CARLING (SBN 254166)
KERLEY SCHAFFER LLP
1939 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: 510.379.5801
Facsimile: 510.228.0350

Attorneys for Plaintiffs
RONALD BENTLEY and
BRIGITTE BENTLEY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD BENTLEY, an individual, and BRIGITTE BENTLEY, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>INTEGON NATIONAL INSURANCE COMPANY, a North Carolina corporation, and DOES 1 - 10,<br><br>Defendant. | CASE NO.: 2:20-CV-00625-KJM-DMC<br><br>**STIPULATION AND ORDER FOR PROTECTIVE ORDER** |

**IT IS HEREBY STIPULATED AND AGREED,** by and between Ronald Bentley and

Brigitte Bentley ("Plaintiffs") and Integon National Insurance Company ("Integon") (herein

Plaintiffs and Integon are collectively referred to as "Parties") through their undersigned counsel of record in this litigation as follows:

**WHEREAS,** the Parties are presently involved in the above-captioned litigation pending in the United States District Court - Eastern District of California (the "Litigation");

**WHEREAS,** information, documents, and tangible things may be sought, produced, or exhibited by and among the parties to the above captioned proceeding as well as non-parties, which materials relate to trade secrets or other confidential legal, business, research, development, or commercial information;

**WHEREAS,** public disclosure of such confidential, proprietary, or trade secret information would be detrimental to the Parties as competing companies could easily use this information to obtain an unfair business advantage and gain a competitive edge; and

**WHEREAS,** public disclosure of certain information maintained by the Parties and possibly discoverable in this action may be prohibited or limited by law; and

**WHEREAS,** the right of public access is not absolute, and Courts are allowed to enter protective orders restricting the right of public access.

**NOW, THEREFORE IT IS AGREED AS FOLLOWS:**

1. This Stipulation for a Protective Order governs the use of all produced documents, responses to interrogatories and requests for admissions, deposition transcripts, and any other information, documents, objects or things, as well as any and all copies, abstracts, digests, notes, and summaries thereof, that have been or will be produced by any party or third-party (the "Producing Party") in this Litigation pursuant to the Federal Rules of Civil Procedure. These materials are collectively referred to hereinafter as "Discovery Material."

2. Any Discovery Material produced by any party or third-party as part of discovery in this Litigation may be designated by the Producing Party as "Confidential Information and/or Trade Secret Information" as follows:

   a. The Producing Party may designate as "Confidential Information and/or Trade Secret Information" any Discovery Material that it produces in this Litigation which it

believes constitutes, contains, reflects or discloses confidential, non-public research and analysis, development or commercial or personal information or Discovery Material protected by the attorney-client and/or work product privileges, or other information for which a good faith claim of need of protection from disclosure can be made under the Federal Rules of Civil Procedure and/or other applicable law ("Confidential and/or Trade Secret Material").

3. No Discovery Material shall be marked "Confidential Information and/or Trade Secret Information" if it:

a. Was known to the receiving party without obligation of confidentiality prior to disclosure by the Producing Party, as evidenced by the receiving party's written records;

b. Is subsequently disclosed to the receiving party by a third-party having no obligation of confidentiality to the Producing Party with respect to such information;

c. Is independently developed by employee(s) of the receiving party who had no access to such information before such development; or

d. Is published or becomes generally known to the public through means not constituting a breach of this Stipulation and Protective Order or an obligation of Confidentiality and/or Trade Secret to the Producing Party.

e. Furthermore, information already in the possession of the Receiving Party shall not become Confidential Information and/or Trade Secret Information merely because the Producing Party produces copies stamped "Confidential Information and/or Trade Secret Information."

4. Any Discovery Material that is produced during this Litigation voluntarily, in response to a discovery request, or pursuant to a Court Order, in oral, written, or other form, including as part of any document, including but not limited to transcripts, exhibits, answers to interrogatories, as well as any physical object, recording, electronic file, or other thing, that is asserted by the Producing Party to contain or constitute Confidential and/or Trade Secret Material shall be so designated by the Producing Party.

      a. Documents and Physical Items: If Confidential and/or Trade Secret Material is contained in a document or other physical item, such documents and physical items shall be clearly and prominently marked on their face with the appropriate legend: "Confidential Information and/or Trade Secret Information".  When an item (such as a disk) containing more than one electronic file is produced and the item bears a confidentiality stamp, all electronic files on that disk shall be deemed so designated.

      b. Transcripts: Deposition or other pretrial testimony may be designated as "Confidential Information and/or Trade Secret Information" by (i) a statement on the record, by counsel, at the time of such disclosure, or (ii) written notice sent to all counsel of record for the parties within fifteen (15) business days after receipt of the transcript of the deposition or other pretrial testimony unless the parties agree to an extension of this time period for designation. Notwithstanding any provision of this subsection, Discovery Material used or referenced during a deposition or other pretrial testimony shall maintain any confidentiality and/or trade secret designation accorded such material hereunder regardless of the designation of any part of the transcript.

      c. Information in Other Forms: All Confidential and/or Trade Secret Material not reduced to documentary, tangible, or physical forms or that cannot be conveniently designated shall be designated by the Producing Party by notifying all Parties of the appropriate designation in writing.

5. In the absence of written permission from the Producing Party or Court Order, Discovery Material designated as "Confidential Information and/or Trade Secret Information" shall not be disclosed to any person other than the following individuals, who are each deemed a "Qualified Person" under this Paragraph:

      a. counsel of record for parties to this Litigation and their support staff, including paralegals and clerical assistants;

      b. opposing parties and their representatives, officers, agents, and/or employees who are directly involved in, and whose access to such Discovery Material is reasonably

required for, the management, prosecution, defense, or settlement of this Litigation or the supervision of counsel of record;

  c. subject to the provisions of Paragraph 7 below, non-party witnesses who are called to be deposed during discovery or trial, whether willingly or under subpoena issued by a court of competent jurisdiction over the witness;

  d. stenographic, court reporting, or clerical personnel;

  e. in-house counsel for the parties to this litigation;

  f. subject to the provisions of Paragraph 7 below, experts and consultants and their staff who are employed for the purposes of this Litigation; and

  g. the Court, including necessary secretarial, clerical, and support personnel assisting the Court.

6. The inadvertent or unintentional disclosure by the Producing Party of Confidential and/or Trade Secret Material, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality and/or trade secret, either as to the specific information disclosed or as to any other information relating to the same or related subject matter, provided that the Producing Party shall promptly upon discovery of the inadvertent or unintentional disclosure notify the receiving party in writing that the information is Confidential and/or Trade Secret Material. Such notification shall constitute a designation of the information and thereby subject it to the provisions of this Stipulation and Protective Order.  Disclosure by the receiving party of inadvertently or unintentionally disclosed Confidential and/or Trade Secret Material prior to receipt of such notice shall not be deemed a violation of this Stipulation and Protective Order. However, those persons to whom disclosure was made are to be advised by the receiving party that the information is Confidential and/or Trade Secret Material and must be treated in accordance with this Stipulation and Protective Order, and the receiving party must (1) make a good faith effort to retrieve and return all copies of such inadvertently disclosed information

which have been disseminated to unauthorized persons, including any notes, summaries, compilations or other documents concerning same, and (2) immediately mark, in accordance with the designations made by the producing party, all copies of such inadvertently disclosed Confidential and/or Trade Secret Material which are in the possession of authorized persons.

    7.      Prior to the disclosure of any Confidential Information and/or Trade Secret Information to any person described under Paragraphs 5(c) and 5(f), such person must agree to be bound by the terms of the Stipulation and Protective Order by executing the "Undertaking Pursuant to Protective Order" that is attached hereto as Exhibit A.  Before any other person described in Paragraph 5 is shown any Discovery Material designated "Confidential Information and/or Trade Secret Information", counsel for the party that is making the Confidential Information and/or Trade Secret Information available shall first provide such person with a copy of the Court's Stipulation and Protective Order, shall explain its terms to such person, and shall require such person to execute Exhibit A.  Counsel for the party that has made Confidential Information and/or Trade Secret Information available to persons covered by Paragraphs 5(c) and 5(f) above is required to send a copy of the executed Exhibit A to counsel for the Designating Party within thirteen (13) days of such third person's receipt of Confidential Information and/or Trade Secret Information. However, if any consultant or expert for a party obtains Confidential Information and/or Trade Secret Information, the consultant or expert must execute Exhibit A, but their executed copy of Exhibit A does not have to be provided to the Designating Party unless and until the consultant or expert are disclosed by presenting party or by order of the Court.  It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach.

    8.      If Discovery Material subject to a claim of attorney-client privilege, work product protection, or any other privilege or immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of

6

**STIPULATION AND ORDER FOR PROTECTIVE ORDER - CASE NO.: 2:20-CV-00625-KJM-DMC**

privilege, work product protection, or other ground for withholding production to which any Producing Party would otherwise be entitled. Any inadvertently produced materials shall be returned promptly to the Producing Party upon request and all copies destroyed.

9. If, after execution of the Stipulation and Protective Order, any Confidential Information and/or Trade Secret Information submitted by the Designating Party under the terms of this Protective Order is disclosed by a non-designating party to any person other than in the manner authorized by this Protective Order, the disclosing party shall immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information and/or Trades Secret Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Undertaking Pursuant to Protective Order" that is attached hereto as Exhibit A.

10. All Confidential and/or Trade Secret Material produced in this Litigation may be used only for purposes of this Litigation, including the litigation itself, any appeals, and settlement and/or licensing negotiations intended to resolve this Litigation. All Confidential and/or Trade Secret Material shall be maintained and used by the Parties and any person listed in Paragraph 5 only in the strictest of confidence and not disclosed to any other person without the prior, written consent of the Producing Party or upon order by the Court.

11. Deposition Procedures: In the event that a deposition in this litigation is attended by a person not authorized to receive Confidential and/or Trade Secret Material, then any other party may have such person excluded from the deposition during any portion(s) of the deposition that it reasonably believes may result in the disclosure of its Confidential and/or Trade Secret Material.

12. Response to a Subpoena / Public Records Act Request / Court Order: In the event that a receiving party receives a subpoena or public records act request requesting or is ordered by another court or governmental entity to produce the Confidential and/or Trade Secret Material of another party, the receiving party shall notify the Producing Party immediately of

that subpoena, public records act request or order and shall promptly provide said subpoena, public records act request or order, if it is in writing, to the Producing Party so that the Producing Party may object to the subpoena, public records act request or order.  If the Producing Party chooses to object to the subpoena, public records act request or order, it shall provide a copy of said objection to the receiving party.  If the receiving party receives nothing from the Producing Party prior to the time for its compliance with the subpoena, public records act request or order, the receiving party may comply with its obligations under the subpoena, public records act request or order.

13. Filing Confidential and/or Trade Secret Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential and/or Trade Secret Material. A Party that seeks to file under seal any Confidential and/or Trade Secret Material must comply with Civil Local Rule 141. Confidential and/or Trade Secret Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential and/or Trade Secret Material at issue. Pursuant to Civil Local Rule 141, a sealing order will issue only upon a request establishing that the Confidential and/or Trade Secret Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Confidential and/or Trade Secret Material under seal pursuant to Civil Local Rule 141(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 140 unless otherwise instructed by the court.

14. Notwithstanding any other provision of this Stipulation and Protective Order, a party producing Confidential and/or Trade Secret Material may choose to withdraw its designation by doing so in writing.

15. Nothing in this Stipulation and Protective Order constitutes a finding or admission that any of the information disclosed or contained in the designated items is or is not confidential, and nothing herein shall prevent any party from contending, during the progress of

this Litigation, that any or all of such information is not confidential. Any party may request from the Producing Party a change in the designation of any item or information and/or permission to disclose such item or information to persons in addition to those specified herein in Paragraph 5. Such request shall be in writing, state the grounds, and be served on all counsel including counsel for the Producing Party. The requested change shall occur or the requested permission shall be granted, unless an objection for good cause is served on the requesting party within twenty (20) business days after service of such request. In the event such objection is timely served, neither the requested change shall occur nor the requested permission shall be granted, until the objection is resolved by written agreement of the parties or Order of this Court. In any disagreement over a designation, the party making the designation bears the ultimate burden of showing that the designation is proper. No party to this Litigation shall be obligated to challenge the propriety of any designation, and a failure to do so shall not act as a waiver of its right to make a subsequent attack on the propriety of such designation, nor shall such failure to challenge constitute an admission that any information is, in fact, confidential. Any designation of information as "Confidential and/or Trade Secret Material" shall govern hereunder unless and until such designation is modified by the designating party, the Court, or agreement of the parties.

16. Production by Non-Parties: If any Confidential and/or Trade Secret Material is produced by a non-party to this Litigation, such non-party shall be considered a Producing Party within the meaning of those terms as used in the context of this Stipulation and Protective Order and shall have the right to designate information as "Confidential and/or Trade Secret."

17. The designation of any material in accordance with this Stipulation and Protective Order as Confidential and/or Trade Secret Material is intended solely to facilitate the preparation and trial of this Litigation, and treatment of such material by the parties in conformity with such designation will not be construed in any way as an admission or agreement by any party that the designated material constitutes or contains any trade secret, or proprietary information.

18. Upon termination of this Litigation by dismissal, judgment, settlement, or final appeal, counsel for Plaintiffs, including individuals required to execute the undertaking attached hereto as Exhibit A, in accordance with this Protective Order shall, within sixty (60) days of said termination, assemble (including from all officers, employees, and in-house counsel of the party, all support staff, and all experts and consultants) and return to Integon all copies of Integon's designated "Confidential Information and/or Trade Secret Information" Material.

19. Nothing in this Stipulation for a Protective Order shall be deemed a waiver of any right that any party might otherwise have under Federal Rules of Civil Procedure or the Federal Rules of Evidence or the doctrines of attorney-client privilege or attorney-work product. This Stipulation and Protective Order shall be without prejudice to any party to oppose production of any information or items on any ground permitted by the Federal Rules of Civil Procedure.

20. Nothing in this Stipulation and Protective Order shall affect a party's use or disclosure of its own Confidential and/or Trade Secret Material in any way.

21. By signature of their respective counsel affixed below, each of the parties warrants that it knowingly and willingly enters into this Stipulation and Protective Order. The Stipulation and Protective Order shall be binding on the parties upon execution by their counsel notwithstanding that the Court may not have entered the corresponding Protective Order. Any modification of the Protective Order, including the incorporation of any additional parties appearing in the litigation must be made in writing.

We agree and stipulate to the entry of this Order:
**SO STIPULATED.**

Dated:  November 23, 2021          KERLEY SCHAFFER LLP


                                   By       */s/ Christopher R. Carling*
                                        J. EDWARD KERLEY
                                        DYLAN L. SCHAFFER
                                        CHRISTOPHER R. CARLING
                                        Attorneys for Plaintiffs
                                        RONALD BENTLEY and
                                        BRIGITTE BENTLEY

1893282                             10
**STIPULATION AND ORDER FOR PROTECTIVE ORDER - CASE NO.: 2:20-CV-00625-KJM-DMC**

Dated:  November 23, 2021    HAYES SCOTT BONINO ELLINGSON
                             GUSLANI SIMONSON & CLAUSE, LLP


By:  */s/ Cherie M. Sutherland*
     STEPHEN M. HAYES
     CHERIE M. SUTHERLAND
     Attorneys for Defendant
     INTEGON NATIONAL INSURANCE COMPANY

### ORDER

Based on the stipulation of the parties, through counsel, and good cause appearing, the above stipulated protective order **IS SO ORDERED**.

Dated:  November 23, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

1893282                                  11
**STIPULATION AND ORDER FOR PROTECTIVE ORDER - CASE NO.: 2:20-CV-00625-KJM-DMC**

**STIPULATION AND ORDER FOR PROTECTIVE ORDER: EXHIBIT A**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD BENTLEY, an individual, and BRIGITTE BENTLEY, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>INTEGON NATIONAL INSURANCE COMPANY, a North Carolina corporation, and DOES 1 - 10,<br><br>Defendant. | CASE NO.: 2:20-CV-00625-KJM-DMC<br><br>**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND** |

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Eastern District of California on _____ in the case of *Bentley v. Integon National Insurance Company,* Case No. Case 2:20-cv-00625-KJM-DMC.  I am properly classified as a "Qualified Person" identified in Paragraph 5 of the Protective Order.  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____