**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RONALD BENTLEY, et al., | No. 2:20-CV-0625-KJM-DMC |
| Plaintiffs, | |
| v. | ORDER |
| INTEGON NATIONAL INSURANCE COMPANY, | |
| Defendant. | |

Plaintiffs, who are proceeding with retained counsel, bring this civil action. Pending before the Court is Plaintiffs' motion to compel the deposition of Scott Morrison, Defendant's Vice President of Property Claims. See ECF No. 27. The parties have filed a joint statement regarding the discovery dispute. See ECF No. 28. No exhibits have been provided. The parties appeared for a hearing before the undersigned in Redding, California, on March 9, 2022, at 10:00 a.m. Dylan Schaffer, Esq., appeared telephonically for Plaintiffs. Cherie Sutherland, Esq., appeared telephonically for Defendant. Upon consideration of the parties' briefs and arguments, the Court issues the following order.

## I.  BACKGROUND

This action proceeds on Plaintiffs' original complaint.  See ECF No. 1.  In paragraphs 7 through 13, Plaintiffs set forth their general factual allegations as follows:

> 7. National General issued a written policy of insurance, Policy No. 2004314440 to its insureds, the Bentleys (the "Policy"). The Policy provides coverage for damage to Plaintiffs' real property located at 501 Sunset Drive, Paradise, California, as well as coverage for damage to personal property within the Property, and for loss of use, among other coverages.
>
> 8. On or around November 8, 2018, while the Policy was in effect, the Property was damaged when the Camp Fire tore through Plaintiffs' town on the way to becoming the most destructive wildfire in California.
>
> 9. The Property and contents were damaged by fire, soot, smoke, and char. The resulting damage rendered the Property unusable and uninhabitable.
>
> 10. Plaintiffs promptly notified National General of the loss.
>
> 11. National General assigned claim number 3594008 to the claim ("Claim").
>
> 12. During the course of the handling of the claim, National General ignored evidence of significant costs of repairs, ignored the recommendations of its own consultants, misrepresented policy benefits and Plaintiffs' rights under the Insurance Code and applicable regulations, and failed to conduct an adequate investigation of the damages.
>
> 13. Without justification, unreasonably, maliciously, and fraudulently, National General failed to pay and delayed paying amounts owing under the Policy for the remediation and repair of the Property, for repair and replacement of Plaintiffs' personal property, and for loss of use.

Id. at 2-3.

Based on these facts, Plaintiffs allege one claim for relief for breach of the covenant of good faith and fair dealing (First Cause of Action).  Id. at 3-5.

Defendant has filed an answer to the complaint.  See ECF No. 8.  Pursuant to the most recent modification of the Court's scheduling order, non-expert discovery closes on March 25, 2022.  See ECF No. 25.  The instant motion to compel is timely.

/ / /

/ / /

2

## II.  SUMMARY OF DISCOVERY IN DISPUTE

In dispute is the deposition of Scott Morrison.  <u>See</u> ECF No. 27 (notice of motion). Mr. Morrison is Defendant's Vice President of Property Claims.  <u>See</u> ECF No. 28, pg. 6 (joint statement).  The parties have not provided the Court with any supporting declarations, copies of the deposition notice and objection thereto, or copies of the relevant meet-and-confer correspondence.

The parties do, however, offer the following agreed statement of the dispute:

> This motion presents a single contested issue: should Integon be compelled to produce for a deposition Scott Morrison, its Vice President of Claims. Plaintiffs contend that the facts and circumstances and relevant legal authorities support an order compelling such a deposition. Integon's position is that Mr. Morrison is an "apex" employee and he does not have personal knowledge of plaintiffs' claim and there are less intrusive means for plaintiffs to obtain the information they seek.

<u>Id.</u>

## III.  DISCUSSION

As set forth in the joint statement, the parties contend as follows:

<u>Plaintiffs' Contentions</u>

1. Mr. Morrison is not an "apex" witness.
2. The information sought is relevant to whether Defendant acted reasonably in investigating and adjusting Plaintiffs' insurance claim.

<u>See</u> ECF No. 28, pgs. 6-11.

<u>Defendant's Contentions</u>

1. Plaintiff cannot show good cause to compel Mr. Morrison's deposition.
2. Plaintiffs' property did not suffer a "total loss" and Mr. Morrison's Communications with the Department of Insurance are not Relevant.
3. The information sought from Mr. Morrison is available from other witnesses whose depositions have been taken or are noticed.

<u>Id.</u> at 11-17.

///

///

3

Defendant's third contention is dispositive. As Defendant notes, the deposition of Integon's person post knowledgeable (PMK) has been noticed for March 24, 2022, pursuant to Federal Rule of Civil Procedure 30(b)(6). See id. at 15. This witness has been called to testify as to the following topics regarding Defendant's handling of Plaintiffs' insurance claim:

> 1. YOUR investigation, adjusting, payment and denial of the CLAIM or any part of the CLAIM from the date of LOSS to the present.
>
> 2. YOUR supervision and management of the investigation, adjusting, payment and denial of the CLAIM or any part of the CLAIM from the date of LOSS to the present.
>
> 3. YOUR reliance on, and supervision and management of, outside adjusters, contractors, investigators, and experts to assist YOU in the investigation, adjusting, payment and denial of the CLAIM or any part of the CLAIM from the date of LOSS to the present.
>
> 4. YOUR communications (oral, written, electronic, or otherwise) with anyone in the investigation, adjusting, payment and denial of the CLAIM or any part of the CLAIM from the date of LOSS to the present.
>
> 5. Adherence to YOUR claims handling guidelines or any other guidelines YOU issue, by YOU or any of your employees, managers, supervisors, or agents (but not lawyers) in the in the investigation, adjusting, payment and denial of the CLAIM or any part of the CLAIM from the date of LOSS to the present.

Id. at 16.

Plaintiffs have not described in the current motion the topics to be covered in Mr. Morrison's deposition or otherwise explain why the PMK deposition set for March 24, 2022, won't cover the same topics. Plaintiffs do not address this issue. Defendant states that Mr. Morrison had no personal involvement in Plaintiffs' claim and has no personal knowledge regarding the handling of Plaintiffs' claim. Plaintiffs can test this assertion by way of a simple interrogatory and do not need to take Mr. Morrison's deposition to do so.

If, however, Mr. Morrison answers any such interrogatory in a way that suggests he did in fact have some personal involvement in Plaintiffs' insurance claim, Plaintiffs should be permitted to explore Mr. Morrison's answer by way of further discovery, which might include his deposition. Similarly, it may be determined from testimony provided in the deposition of the Defendants' PMK witness that further discovery directed to Mr. Morrison is warranted. To allow for such additional discovery as to Mr. Morrison, the Court will extend the non-expert discovery

completion date to April 25, 2022.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel, ECF No. 27, is denied without prejudice; and

2. The deadline for completion of non-expert discovery with respect to Mr. Morrison is extended to April 25, 2022.

Dated: March 21, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

5